JOHN SAWTELL *v.* W. R. ENGLISH, &c.

Boundaries—Division Line—Agreed Division.
    A compromise line, used by both claimants, held, best evidence of boundary.

APPEAL FROM HARDIN CIRCUIT COURT.

February 22, 1870.

OPINION OF THE COURT BY JUDGE ROBERTSON:

Denton Geohagen, owning a large tract of land, brought from Thomas Lewis one hundred acres adjoining thereto, and Benjamin Singleton, owning another neighboring tract, also bought from Lewis the same tract. Each party having improved different portions of the 100 acres, to compromise the conflict of title, they agreed in writing, in 1835, to divide that tract between them by a convenient line, each conceding the right to the portion then allotted to the other. The written memorial of compromise, in defining the division line, calls to run, from one of the points to *another,* north 72 degrees west, and this is the line from F. to G. as deginated on the plat, page 76, of the record, and it alloted to D. Geohagen the triangle F. G. R., as shown on the same plat, containing about 16 acres, the principal subject of this controversy, the appellee claiming that .f. R. and not F. G. is the true compromise line, and that S. 85 W., instead of N. 72 W., was the true course.

The writing itself, sufficient proof without other evidence, is corroborated by the fact that each party has improved and occupied correspondingly with the line and course described in the writing.

In afterwards conveying *all that he owned* to his son, Thomas, Denton Geohagen called for the wrong line which would not include the triangle, and Thomas Geohagen's conveyance of all he got from his father recites the same line. But the written compromise and the confirmatory occupancy and improving sufficiently show the mistake.

We are satisfied that the line N. 72 W. from F. to G. is the

true compromise line and that neither the appellee nor his vendor, Singleton, ever had title to, or improved, or occupied any portion of the triangle, and that it rightfully belongs, by both grant and occupancy, to the appellant.

The circuit court, therefore, erred in adjudging it to the appellee.

Wherefore, the judgment is reversed and the cause remanded, with instructions to adjudge to the appellant the 16 acres included in the triangle and also $32 for difference in exchange of lands between the parties.

*Wintersmith, for appellant.*
*Cofer, for appellees.*